UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN L. QUARLES,<br>    Plaintiff,<br><br>    v.<br><br>DOMINIC J. BONTEMPO and<br>JASON GOLDBERG,<br>    Defendants. | :<br>:<br>:<br>:  No. 23-cv-1601<br>:<br>:<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                               **May 4, 2023**
**United States District Judge**

      Plaintiff Kevin Quarles, who is incarcerated at SCI-Phoenix, initiated the above-captioned action pursuant to 42 U.S.C. § 1983 asserting violations of his constitutional rights arising from an alleged unnecessary operation performed on him, for which he did not consent. He also filed a Motion to Proceed *In Forma Pauperis*. The Motion to Proceed *In Forma Pauperis* is granted and, for the following reasons, the official capacity claims under § 1983 against the two individual Defendants are dismissed with prejudice for failure to state a claim.[1]

**DISCUSSION**

      Quarles's Complaint names Defendants Jason Goldberg and Dominic Bontempo in both their individual and official capacities. *See* Compl. 2, ECF No. 2.

---

[1]     Where a plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required to screen the complaint and to *sua sponte* dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2).

With respect to Goldberg, an employee of the Pennsylvania Department of Corrections, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). "Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity." *Lavia v. Dep't of Corrs.*, 224 F.3d 190, 195 (3d Cir. 2000). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. C.S. §§ 8521-8522, it and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, Quarles's official capacity claims against Goldberg are essentially claims against the Department of Corrections, which are barred by the Eleventh Amendment.

To the extent that Quarles asserts official capacity claims against Bontempo, an employee of Suburban General Hospital, such claims are not cognizable because Suburban General is a private entity. *See Kreis v. Northampton Cnty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit") citing *Owens v. Connections Cmty. Support Programs, Inc.,* 840 F. Supp. 2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is

also susceptible to suit."). Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works. *See Kentucky v. Graham,* 473 U.S. 159, 105 (1985).

**CONCLUSION**

       The official capacity claims, only, against Defendants are dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge